

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **NORTH AMERICAN** | § | Case No. 10-20071 |
| **TECHNOLOGIES GROUP, INC**. | § | |
| | § | |
| AND | § | |
| | § | |
| **TIETEK LLC,** | § | Case No. 10-20072 |
| | § | |
| AND | § | |
| | § | |
| **TIETEK TECHNOLOGIES, INC.** | § | Case No. 10-20073 |
| | § | |
| | § | **JOINTLY ADMINISTERED** |
| | § | under 10-20071 |
| | § | |
| Debtors | § | Chapter 11 |

## ORDER (I) APPROVING BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) ESTABLISHING A SALE OBJECTION DEADLINE; (IV) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION/ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OR AND/OR EXECUTORY CONTRACTS; (V) APPROVING FORM OF NOTICES AND NOTICE PROCEDURES; AND (VI) FOR OTHER RELIEF

CAME ON FOR HEARING the *Debtors' Amended Motion For An Order: (I) Approving Bid Procedures For Sale Of Substantially All Of The Debtors' Assets; (II) Scheduling A Hearing To Consider The Sale; (III) Establishing A Sale Objection Deadline; (IV) Establishing Procedures Relating To Assumption/Assignment Of Certain Unexpired Leases Or And/Or Executory Contracts; (V) Approving Form Of Notices And Notice Procedures; and (VI) For Other Relief* (Docket No. 65, the "Motion") filed by North American Technologies Group, Inc. ("NATK"), a Delaware corporation, TieTek Technologies, Inc. ("TTT"), a Texas corporation, and TieTek LLC ("TieTek"), a Delaware limited liability company (collectively, the "Debtors"),

ORDER: (I) APPROVING BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) ESTABLISHING A SALE OBJECTION DEADLINE; (IV) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION/ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OR AND/OR EXECUTORY CONTRACTS; (V) APPROVING FORM OF NOTICES AND NOTICE PROCEDURES; AND (VI) FOR OTHER RELIEF
Page 1

debtors and debtors in possession jointly administered under the above-captioned case (collectively, the "Chapter 11 Cases").  Based upon consideration of the Motion, in addition to the evidence presented and the representations and arguments of counsel at the hearing on the Motion, and after due deliberation and consideration,

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**[1]

1.      The Debtors' Chapter 11 Cases were commenced by the filing of voluntary petitions on March 18, 2010 (the "Petition Date") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are operating their businesses and managing their property as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.  On or about April 2, 2010, the U.S. Trustee appointed an official unsecured creditors' committee (the "Committee").

2.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(a) and 1334. The Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      As detailed in the Motion, the Debtors intend to sell substantially all of their assets (the "Assets") following the solicitation of qualified bids and an open, no-reserve auction (the "Auction").  In connection with the sale of the Assets and Auction, the Debtors also intend to assume and assign certain executory contracts and unexpired leases to the purchaser of such Assets (collectively, the "Assigned Agreements").

4.      The Motion was filed on July 1, 2010, and due and sufficient notice of the Motion has been provided as set forth in the Certificate of Service attached to the Motion.  No other or

---

[1] All capitalized terms not separately defined herein shall have the meanings ascribed to such terms in the Motion.

ORDER: (I) APPROVING BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) ESTABLISHING A SALE OBJECTION DEADLINE; (IV) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION/ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OR AND/OR EXECUTORY CONTRACTS; (V) APPROVING FORM OF NOTICES AND NOTICE PROCEDURES; AND (VI) FOR OTHER RELIEF
Page 2

further notice need be provided under the circumstances involved.

5.     The Debtors have requested approval and/or establishment of the following items in connection with their effort to sell substantially all of their assets:

a)   Approval of the proposed Bid Procedures (attached hereto as **Exhibit "1"**);

b)   Approval of the proposed Cure Procedures;

c)   Approval of the Notice Procedures, including without limitation, the proposed form and use of the Sale and Auction Notice (attached hereto as **Exhibit "2"**) and Cure Amount Notice (attached hereto as **Exhibit "3"**);

d)   Setting a Sale Objection Deadline;

e)   Setting an Assumption/Assignment Objection Deadline;

f)   Setting the date and time of the Sale Hearing;  and

g)   A waiver of the automatic 14-day stay provided by Bankruptcy Rules 6004 and 6006, to the extent applicable to the Bid Procedures Order.

6.     The Court finds that the Debtors have exercised sound business judgment and presented sound business reasons for approval of the Bid Procedures.  The Bid Procedures are fair, reasonable, and appropriate, and are designed to maximize recoveries and the realization of value by the Debtors' estates for the Assets.   Accordingly, approval of the proposed Bid Procedures attached hereto as Exhibit "1" is in the best interests of the Debtors' estates and creditors.

7.     Moreover, the Court finds that the proposed Cure Procedures are reasonable and appropriate and consistent with the provisions of Section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").   The Cure Procedures are tailored to provide an adequate opportunity for all Agreement Counterparties to Assigned Agreements to raise any objections that they may have to the proposed assumption and assignment of their respective Assigned Agreements and/or to the Cure Amounts, if any, proposed by the Debtors in connection therewith.

ORDER: (I) APPROVING BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) ESTABLISHING A SALE OBJECTION DEADLINE; (IV) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION/ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OR AND/OR EXECUTORY CONTRACTS; (V) APPROVING FORM OF NOTICES AND NOTICE PROCEDURES; AND (VI) FOR OTHER RELIEF
Page 3

8.     The Court further finds that the proposed Notice Procedures, including without limitation, the Debtors' use and proposed form of the Sale and Auction Notice and the Cure Amount Notice, and proposed publications of notice in accordance with procedures set forth in the Motion, comply with Bankruptcy Rules 2002, 6004 and 6006.  The Notice Procedures are reasonably calculated to provide due, adequate and timely notice to all parties in interest of the Bid Procedures, the Auction, the Sale Hearing, the Sale Objection Deadline, the assumption and assignment of Assigned Agreements and Cure Amounts, if any, associated therewith, and the Assumption/Assignment Objection Deadline.

9.     Prior to the Petition Date, the Debtors spent approximately three months marketing the Assets through the Debtors' business broker, VR Mergers & Acquisitions – St. Louis ("VR Mergers").  The Debtors have continued to market the Assets through VR Mergers post-petition under the terms approved by the Court.  While significant interest was generated, the Debtors have been unsuccessful in securing a stalking horse bidder prior to the filing of the Motion.

10.     As a result of the lack of liquidity of the Debtors and inability to generate revenue due to its lack of operations, time is of the essence to conduct the sale and Auction the Assets. The Court authorizes the Bid Procedures and the Auction without a stalking horse to allow the Debtors to seek the maximum value of the Assets as a going concern.

11.     Moreover, given the Debtors' financial condition and the timing contemplated by the Bid Procedures, and given the fact that any Sale of the Assets and any proposed assumption and assignment of the Assigned Agreements (including any disputes related to the Cure Amounts proposed by the Debtors) will be subject to consideration at the Sale Hearing, good and sufficient cause exists for waiver of the 14-day stay provided by Bankruptcy Rules 6004(h) and 6006(d) to

ORDER: (I) APPROVING BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) ESTABLISHING A SALE OBJECTION DEADLINE; (IV) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION/ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OR AND/OR EXECUTORY CONTRACTS; (V) APPROVING FORM OF NOTICES AND NOTICE PROCEDURES; AND (VI) FOR OTHER RELIEF
Page 4

the extent applicable to this Order.

12.    The Court finds that good cause has been shown for entry of this *Order (I) Approving Bid Procedures For Sale Of Substantially All Of The Debtors' Assets; (II) Scheduling A Hearing To Consider The Sale; (III) Establishing A Sale Objection Deadline; (IV) Establishing Procedures Relating To Assumption/Assignment Of Certain Unexpired Leases Or And/Or Executory Contracts; (V) Approving Form Of Notices And Notice Procedures; and (VI) For Other Relief* (the "Bid Procedures Order").  Based upon the foregoing and all such other findings and conclusions announced on the record at the hearing, and pursuant to Sections 105, 363, 365 and 503(b) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9008, it is hereby:

**ORDERED** that the Motion is hereby granted; it is further

**ORDERED** that all objections to the approval of the bid procedures, if any, that have not been withdrawn, waived, or settled are hereby overruled in their entirety; it is further

**ORDERED** that the Bid Procedures (attached hereto as Exhibit "1") are hereby approved.  The Debtors are authorized to solicit Bids for the Assets in accordance with the Bid Procedures and to otherwise take any and all other actions necessary or appropriate to implement the Bid Procedures; it is further

**ORDERED** that the deadline of the submission of Bids on the Assets is hereby fixed as **12:00 noon (CDT), on August 6, 2010** (the "Bid Deadline").  A Bid will not qualify for consideration by the Debtors unless (i) the Bidder submits a Bid Package in compliance with the Bid Procedures, and (ii) the Bid Package is **actually received** by e-mail to Joe B. Dorman, General Counsel of the Debtors (joebcpajd@netscape.net), and  Robert Fowler, Business Broker of the Debtors (robert@vrstlouis.com); it is further

ORDER: (I) APPROVING BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) ESTABLISHING A SALE OBJECTION DEADLINE; (IV) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION/ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OR AND/OR EXECUTORY CONTRACTS; (V) APPROVING FORM OF NOTICES AND NOTICE PROCEDURES; AND (VI) FOR OTHER RELIEF
Page 5

**ORDERED** that any party who has timely submitted a Bid but has failed to satisfy all necessary requirements of Bid Package shall be promptly notified in writing by the Debtors and given an opportunity to promptly cure such defects at the Debtors' discretion and satisfaction, but with the consultation of the Oversight Parties, any time prior to commencement of the Auction; it is further

**ORDERED** that only Qualified Bidders shall be allowed to participate at the Auction, unless the Debtors, with the consultation of the Oversight Parties, authorize an interested buyer to participate in the Auction and bid on all or any portion of the Assets at any time prior to commencement of the Auction; it is further

**ORDERED** that an Auction with respect to the sale of all or any portion of the Assets shall be conducted on **August 11, 2010, at 10:00 a.m. (CDT)** at the offices of Rochelle McCullough, LLP, 325 N. Saint Paul, Suite 4500, Dallas, Texas 75201; it is further

**ORDERED** that Opus may participate at the Auction and any credit bid by Opus for all or any portion of the Assets at the Auction shall be deemed a Qualifying Bid; it is further

**ORDERED** that the initial minimum required bid increment for the Assets is $50,000. As the Auction proceeds, the Debtors, in consultation with the Oversight Parties, shall have the right to change required bid increments at any time upon verbal notice to all Bidders authorized to participate in the Auction; it is further

**ORDERED** that the Debtors are authorized, in their discretion and with the consultation of the Oversight Parties, to sell a portion of the Assets to a Qualified Bidder in order to maximize the value to creditors and their estates; it is further

**ORDERED** that the Notice Procedures, the Debtors' use and form of the Sale and Auction Notice (attached hereto as Exhibit "2"), and the Cure Amount Notice (attached hereto as

ORDER: (I) APPROVING BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) ESTABLISHING A SALE OBJECTION DEADLINE; (IV) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION/ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OR AND/OR EXECUTORY CONTRACTS; (V) APPROVING FORM OF NOTICES AND NOTICE PROCEDURES; AND (VI) FOR OTHER RELIEF
Page 6

Exhibit "3"), are hereby approved. **Within two (2) business days of entry of the Bid Procedures Order**, the Debtors will serve a copy of the Bid Procedures Order, together with all related exhibits,[2] on all entities listed on the current Master Service List, known parties that have or may assert a lien on or security interest in some or all of the Assets, known Agreement Counterparties to the Assigned Agreements, and all parties who previously contacted the Debtors and/or their professionals to express a bona fide interest in acquiring some or all of the Assets or otherwise exhibited a realistic intention to participate in the sale process; it is further

**ORDERED** that within **five (5) business days of the entry of the Bid Procedures Order**, the Debtors shall cause a notice with respect to the sales process to be published in the following publications: *The Dallas Morning News*, *The Marshall News Messenger*, plus such other local newspapers as may give appropriate additional notice in areas where the Debtors maintain operations, to publish notice of the proposed Asset sale and Auction. Such notice shall provide the following information: (i) a general description of the Assets for sale; (ii) the Bid Deadline; (iii) the date, time and place of the Sale Hearing; (iv) the Sale Objection Deadline; (v) the Assumption/Assignment Objection Deadline; and (vi) the means by which interested parties may obtain a copy of the Bid Procedures, the Sale and Auction Notice, the Cure Amount Notice and the Sale Motion. The Debtors' timely compliance with the foregoing Notice Procedures shall constitute proper, timely, adequate and sufficient notice satisfying the requirements of Sections 363(b), 363(f) and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9008. It is further

---

[2] Exhibits to the Sale Procedures Order include the Bid Procedures (Exhibit "1"), the Sale and Auction Notice (Exhibit "2"), and the Cure Amount Notice (Exhibit "3").

ORDER: (I) APPROVING BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) ESTABLISHING A SALE OBJECTION DEADLINE; (IV) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION/ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OR AND/OR EXECUTORY CONTRACTS; (V) APPROVING FORM OF NOTICES AND NOTICE PROCEDURES; AND (VI) FOR OTHER RELIEF
Page 7

**ORDERED** that the Cure Procedures are hereby approved, and the Assumption/Assignment Objection Deadline is hereby fixed as **5:00 p.m. (CDT) on August 9, 2010**.  Any objection by an Agreement Counterparty to the assumption and assignment of its Assigned Agreement, or to the Cure Amount set forth on the Cure List attached to the Cure Amount Notice in relation to such Assigned Agreement (each an "<u>Assumption/Assignment Objection</u>"), must (i) be in writing, (ii) specify the specific grounds for objection, and (iii) be filed with the Court and served on counsel for the Debtors, Rochelle McCullough, LLP, Attn: Michael R. Rochelle, Esq. or Eric M. Van Horn, Esq., 325 N. Saint Paul, Suite 4500, Dallas, Texas 75201, by no later than the Assumption/Assignment Objection Deadline.  It is further

**ORDERED** that in the absence of an Agreement Counterparty's filing and service, on or before the Assumption/Assignment Objection Deadline, of a written Assumption/Assignment Objection, such Agreement Counterparty shall be deemed to have consented to the assumption and assignment of the Agreement Counterparty's Assigned Agreement in connection with the Asset sale.  Similarly, in the absence of a Agreement Counterparty's filing and service, on or before the Assumption/Assignment Objection Deadline, of a written Cure Amount Objection: (i) the Cure Amount set forth on the Cure List with respect to such Agreement Counterparty's Assigned Agreement shall be binding on such Agreement Counterparty; (ii) the Agreement Counterparty shall be, and is hereby, forever barred and estopped from asserting against the Debtors and its estates, and the assignee of the Agreement Counterparty's Assigned Agreement that any amount in excess of the Cure Amount identified on the Cure List is due, that any other defaults exist under the Assigned Agreement, or that any other conditions to the assumption and assignment of the Assigned Agreement exist; and (iii) payment to the Agreement Counterparty of the Cure Amount identified on the Cure List in connection with the assumption and

ORDER: (I) APPROVING BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) ESTABLISHING A SALE OBJECTION DEADLINE; (IV) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION/ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OR AND/OR EXECUTORY CONTRACTS; (V) APPROVING FORM OF NOTICES AND NOTICE PROCEDURES; AND (VI) FOR OTHER RELIEF
Page 8

assignment of the Assigned Agreement shall be deemed to constitute satisfaction in full of all obligations required under Section 365 of the Bankruptcy Code in connection with the assumption and assignment of the Assigned Agreement; it is further

**ORDERED** that the Debtors and its estates shall have no further or continuing liability to the Agreement Counterparty under the Assigned Agreement. In the event that an Agreement Counterparty files and serves an Assignment Objection or Cure Amount Objection on or before the Assumption/Assignment Objection Deadline, such objection (if not consensually resolved) shall be heard and determined at the Sale Hearing unless hereafter ordered otherwise; it is further

**ORDERED** that the Sale Objection Deadline is hereby fixed as **5:00 p.m. (CDT) on August 9, 2010**. Any Sale Objection must (i) be in writing, (ii) specify the specific grounds for objection, and (iii) be filed with the Court and served on counsel for the Debtors, Rochelle McCullough, LLP, Attn: Michael R. Rochelle, Esq. or Eric M. Van Horn, Esq., 325 N. Saint Paul, Suite 4500, Dallas, Texas 75201, by no later than the Sale Objection Deadline. Any Sale Objection failing to comply with such requirements shall be deemed waived and may be denied by the Court on such basis; it is further

**ORDERED** that the Sale Hearing to consider approval of the Sale Motion, approval of the Debtors' determination of the Successful Bidder and Backup Bidder under the Bid Procedures, approval of the sale of all or any portion of the Assets, and any timely-filed and served Sale Objection, Assignment Objection, and Cure Amount Objection shall be conducted on **August 16, 2010, at 10:00 a.m. (CDT)** before The Honorable Bill Parker, U.S. Bankruptcy Court, 110 North College Avenue, 9th Floor, Tyler, Texas 75702; it is further

**ORDERED** that, to the extent that Bankruptcy Rules 6004(h) and/or 6006(d) are applicable to this Order, the 14-day stay period provided under such Bankruptcy Rules is hereby

ORDER: (I) APPROVING BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) ESTABLISHING A SALE OBJECTION DEADLINE; (IV) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION/ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OR AND/OR EXECUTORY CONTRACTS; (V) APPROVING FORM OF NOTICES AND NOTICE PROCEDURES; AND (VI) FOR OTHER RELIEF
Page 9

waived and eliminated, such that this Order shall become immediately effective and enforceable upon entry; and it is further

**ORDERED** that the Court shall retain exclusive jurisdiction over any and all disputes, claims and other matters that may arise out of or from, or that relate to, the implementation of this Order.

Signed on 07/21/2010

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## BID PROCEDURES

Set forth below are the bidding procedures (the "Bid Procedures") to be employed with respect to the sale of substantially all of the assets and related property[1] (the "Acquired Assets") of North American Technologies Group, Inc., TieTek Technologies Inc. and TieTek LLC, the affiliated Debtors in Possession in Case Nos. 10-20071, 10-20072, and 10-20073, respectively, (collectively, the "Debtors"). A copy of the form of asset purchase agreement proposed by the Debtors (the "Model APA") is available by sending an email, facsimile, or other written request to counsel to the Debtors, Michael R. Rochelle, Esq. (buzz.rochelle@romclawyers.com), or Eric M. Van Horn, Esq. (evanhorn@romclawyers.com), Rochelle McCullough LLP, 4500 Republic Center, 325 North Saint Paul Street, Dallas, Texas 75201; facsimile: 214.953.0185.

The Bid Procedures are applicable to all parties interested in purchasing the Acquired Assets. The proposed sale of Acquired Assets under the Model APA (the "Sale") shall include competitive bidding as set forth here and is subject to approval by the Bankruptcy Court for the Eastern District of Texas, Marshall Division (the "Bankruptcy Court") under section 363 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). As provided in the Model APA, the Debtors shall file a pleading seeking the Bankruptcy Court's approval of the Bid Procedures (the "Bid Procedures Motion").

## I. "As Is, Where Is"

2. The sale of the Acquired Assets will be on an "AS IS, WHERE IS" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents, or their estates, except to the extent set forth in the Model APA.[2] Except as otherwise provided in the Model APA, all of the Debtors' right, title, and interest in and to the Acquired Assets will be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon and there against (collectively, the "Transferred Liens"). The Transferred Liens shall attach to the net proceeds of the sale of the Acquired Assets, in the order of their priority, with the same validity, force, and effect which they now have against the Acquired Assets, subject to any claims and defenses the Debtors may possess with respect thereto.

## II. The Sale Hearing

3. The Debtors will seek the entry of an order from the Bankruptcy Court at a hearing to be held on **August 16, 2010 at 10:00 a.m.** (the "Sale Hearing") at the United States Bankruptcy Court for the Eastern District of Texas, 110 North College Avenue, Tyler, Texas

---

[1] The "Acquired Assets" are (a) all right, title and interest of Sellers in and to the Real Estate, Personal Property, Intellectual Property, and certain contracts and leases as may be more specifically described and defined in the Model APA and excluding certain Excluded Assets as defined by the Model APA. The Acquired Assets are the most valuable remaining assets of the Debtors' bankruptcy estates. The Debtors shall retain all rights, title and interest to all Acquired Assets and related property not subject to a bid accepted by the Debtors and approved by the Bankruptcy Court.

[2] See Section 4.1 of the Model APA for the full recitation entitled "Disclaimer of Seller Representations."

75702 approving and authorizing the Sale to the Successful Bidder (as defined below) as determined in accordance with the Bidding Procedures.

III.     **The Interested Party Requirements**

4.      All interested parties (each, an "Interested Party") are entitled to request reasonable and appropriate due diligence information (data room, inspection of assets, etc.) upon providing the following information:

(i)      An executed confidentiality agreement in form and substance satisfactory to the Debtors and their counsel (the "Confidentiality Agreement");

(ii)     Information to allow the Debtors to adequately identify the party bidding on the Assets and, if the party is an entity, such information as to allow the Debtors to identify the officer(s) or authorized agent(s) who will appear on behalf of the party;

(iii)    Satisfactory financial information that demonstrates the person or entity's ability to close the purchase and perform all ongoing obligations associated therewith; and

(iv)     A statement demonstrating to the Debtors' satisfaction a *bona fide* interest in purchasing the Assets.

5.      When and if the Debtors have received the above documents, the Debtors shall deliver to the Interested Party a copy of the Model APA.

IV.      **The Debtors' Determinations**

6.       The Debtors, in consultation with Opus 5949, LLC ("Opus"), the Official Committee of Unsecured Creditors (the "Committee"), together with the professionals of the Debtors, Opus and the Committee (collectively, the "Oversight Parties"), shall, among other things:

(a)      Determine whether an Interested Party has submitted a Qualified Bid (as defined below);

(b)      Coordinate the efforts of Interested Parties in conducting their respective due diligence investigations;

(c)      Receive Bids from Interested Parties; and

(d)      Determine the Successful Bid (as defined below).

**DEBTORS' COUNSEL HAS NOT PREPARED ANY OF THE INFORMATION REGARDING THE DEBTORS, OR ANY OF THEIR OPERATIONS, ASSETS, OR FINANCIAL CONDITION TO BE PROVIDED TO AN INTERESTED PARTY IN CONNECTION WITH THE PROCEDURES SET FORTH HEREIN. CONSEQUENTLY, NO REPRESENTATION IS MADE BY THE DEBTORS' COUNSEL REGARDING THE ACCURACY, RELIABILITY, VERACITY, ADEQUACY, OR**

**COMPLETENESS OF ANY INFORMATION PROVIDED IN CONNECTION WITH THESE BID PROCEDURES AND ALL INTERESTED PARTIES ARE ENCOURAGED TO CONSULT WITH THEIR OWN ADVISORS REGARDING ANY SUCH INFORMATION.**

## V.  Due Diligence

7.  Each Interested Party shall be granted access ("Due Diligence Access") to the electronic data room established by the Debtors in to which substantial information about the Debtors and its assets and businesses have been deposited.  In addition, the Debtors will attempt to coordinate and comply with requests for additional information regarding the Acquired Assets as may be reasonably requested by the Interested Party that the Debtors, in its business judgment, determines to be reasonable and appropriate.

8.  Notwithstanding anything to the contrary herein, the Debtors may deny Due Diligence Access to any Interested Party if the Debtors, after consulting with the Oversight Parties, believe that the Interested Party has no intention to submit a bid for the Acquired Assets, or that the Interested Party seeks Due Diligence Access for purposes of wasting the Estates' resources, harassing the Debtors, or otherwise disrupting the bidding process.

## VI.  Qualified Bid Requirements

9.  All bids (each a "Bid") on the Acquired Assets must be in writing and be accompanied by all required information and documentation as specified herein (collectively, the "Bid Package") in order to be treated as timely and qualified.  A Bid will not qualify for consideration by the Debtors unless (i) the Bidder submits a Bid Package in compliance with the Bid Procedures, and (ii) the Bid Package is actually received by e-mail to Joe B. Dorman, General Counsel of the Debtors at joebcpajd@netscape.net, and Robert Fowler, as broker for the Debtors at robert@vrstlouis.com.

10.  In order for a Bid to qualify for consideration (a "Qualified Bid"), the Bidder's Bid Package must include:

    a)  A written Bid, executed by the Bidder or its duly-authorized representative, setting forth the assets sought to be acquired by the Bidder, the consideration offered, and the Bidder's commitment to the open and irrevocable nature of the Bid (during the periods of time more fully set forth in the Bid Procedures);

    b)  Satisfactory financial information demonstrating an ability to close the purchase and perform all ongoing obligations associated therewith;

    c)  Evidence of requisite internal authorizations and approvals;

    d)  An executed definitive agreement in substantially the same form as the Model APA, along with a redline reflecting any differences between the submitted asset purchase agreement and the Model APA (the "Marked APA");

    e)  An executed escrow agreement (the "Escrow Agreement") for the establishment of an escrow account (an "Escrow Account") with an escrow agent to be determined by the Debtors (the "Escrow Agent"), and receipt of the Deposit (as defined herein); and

f)      A deposit in the amount of $100,000 (the "<u>Deposit</u>"), which shall be made by cashier's check made payable to the Escrow Agent.

11.     All Bids, except in respect of a credit bid, shall be for cash (and the possible assumption of certain liabilities) with no financing or further due diligence contingency or condition.

12.     The Debtors, in consultation with the Oversight Parties, will review each Bid received from an Interested Party to ensure that it meets the requirements above.  A bid received from an Interested Party that meets the above requirements will be considered a Qualified Bid and each Interested Party that submits a Qualified Bid will be considered a "<u>Qualified Bidder</u>."

13.     A Qualified Bid will be valued by the Debtors, in consultation with the Oversight Parties, based upon any and all factors that the Debtors deem pertinent, including, among others (a) the amount of the Qualified Bid; (b) the risks and timing associated with consummating a transaction with the Potential Bidder; (c) any excluded assets or executor contracts or leases; and (d) any other factors that the Debtors may deem relevant to the Sale.

14.     The Debtors, in their business judgment, and after consultation with the Oversight Parties, reserve the right to reject any bid if such bid:

(a)     Is on terms that are more burdensome or conditional than the terms of the Model APA;

(b)     Requires any indemnification of such Interested Party in its Marked Agreement;

(c)     Is not received by the Bid Deadline;

(d)     Except in respect of a credit bid, includes non-cash consideration; or

(e)     Is subject to any due diligence, financing condition or other contingencies (including representation, warranties, covenants, and timing requirements) of any kind or any other conditions precedent to such party's obligation to acquire the assets other than as may be included in the Model APA.

15.     Any Bid rejected pursuant to paragraph 14 herein shall not be deemed to be a Qualified Bid.

16.     Only Qualified Bidders shall be allowed to participate at the Auction, unless the Debtors, in consultation of the Oversight Parties, authorize an interested buyer to participate in the Auction and bid on all or any portion of the Assets.

17.     Any party who has timely submitted a Bid but has failed to satisfy all necessary requirements of Bid Package shall be promptly notified in writing by the Debtors and given an opportunity to promptly cure such defects at the Debtors' discretion and satisfaction, but with the consultation of the Oversight Parties, any time prior to commencement of the Auction.

18.     A Qualified Bid may include a credit bid from a holder of a validly perfected and undisputed security interest as part of such party's entire bid.  The Debtors reserve the right, after

consulting with the Oversight Parties, to accept a credit bid

## VII.    Bid Deadline

19.    All Bids must be received by the Debtors by e-mail or at the offices of their counsel **on or before 12:00 noon (CDT) August 6, 2010** (the "Bid Deadline").  The Debtors will transmit all bids received by the Bid Deadline to the Oversight Parties by 5:00 p.m. (CDT) on the same business day.

20.    The determination of which bids are Qualified Bids shall be made **on or before 5:00 p.m. (CDT) on August 9, 2010**.  The Debtors shall provide to the Oversight Parties, and each interested party that submitted a timely Bid with a list identifying which of the interested parties are Qualified Bidders, and a summary of the Qualified Bids (or the stalking horse bid, if applicable).

## IX.    Auction Participation

21.    Only Qualified Bidders will be eligible to participate at the Auction (as defined below) unless otherwise authorized by the Debtors prior to the commencement of the Auction.

## X.    The Auction

22.    The auction will be conducted on **August 11, 2010 at 10:00 a.m. (CDT)** at the offices of the Debtors' counsel, Rochelle McCullough, LLP, located at 4500 Republic Center, 325 North St. Paul, Dallas, Texas 75201 (the "Auction").

## XI.    Auction Procedures

23.    The Debtors, in consultation with the Oversight Parties, will conduct the Auction in the manner they determine will result in the highest, best, or otherwise financially superior offer for the Acquired Assets.

24.    The Debtors, in consultation with the Oversight Parties, may adopt rules for the bidding process at the Auction (the "Auction Procedures") that, in the Debtors' reasonable judgment, will better promote the goals of a fair and competitive bidding process, and that are not inconsistent with any of the provisions of the Model APA, any Bankruptcy Court order (including an order on the Bid Procedures Motion), or these Bid Procedures.  All such rules will provide that:

> (a)    The Debtors will first accept bids starting at $50,000.00 more than the highest Qualified Bid (the "Opening Price");
>
> (b)    The bid increment after the first overbid (the "Bid Increment") for an authorized Bidder to increase its bid shall be $50,000.00.  The Debtors reserve the right, in consultation with the Oversight Parties, to change the Bid Increment at any time during the Auction upon verbal notice to all participating Bidders; and
>
> (c)    Bidders authorized to participate in the Auction who increase their bids

above the level to which they have demonstrated financial capability to consummate a transaction to the satisfaction of the Debtors may be required to provide proof of their financial wherewithal prior to the Debtors' accepting such an increased bid. All parties are encouraged to pre-qualify to the amount for which they may wish to bid or to bring proof of financial capability at such higher level with them to the Auction.

25.     At the Auction, the Qualified Bidder with the best final bid at the close of the Auction, as determined by the Debtors in consultation with the Oversight Parties, is the "Successful Bidder." The Qualified Bidder having the next highest bid below the Successful Bid is the backup bid (the "Backup Bid," and the party submitting the Backup bid is the "Backup Bidder"). The Successful Bid and Backup Bid shall remain open, irrevocable and binding on the party submitting such bid until the earlier of (i) five (5) business days after the applicable Successful Bidder closes; or (ii) thirty (30) days after the Bankruptcy Court approves the Successful Bid.

26.     In determining the Successful Bid and the Backup Bid, a credit bid by a holder of a validly perfected and undisputed security interest that exceeds the cash bid of another Qualified Bidder may be deemed a better Bid than any cash Bid.

27.     At the conclusion of the Auction, the Debtors shall provide notice of the identity of the Successful Bidder and Backup Bidder to all parties in interest.

28.     For each Qualified Bidder that is neither the Successful Bidder nor the Backup Bidder, the Debtors will promptly instruct the Escrow Agent to return such Bidder's Deposit pursuant to the terms of the Escrow Agreement and such Qualified Bids will cease to be binding and irrevocable

## XII.  Acceptance of Successful Bids and Closing

29.     If the Debtors determine, in consultation with the Oversight Parties, that a Successful Bid provides the greatest benefit to the Debtors' bankruptcy estates under the circumstances, then the Debtors may accept that Successful Bid subject to approval by the Bankruptcy Court at the Sale Hearing.

30.     Any parties in interest may file an objection to the Sale Motion or the Debtors' determination to accept the Successful Bid by filing an objection (each, a "Sale Objection") with the Bankruptcy Court on or before **5:00 p.m. (CDT) on August 9, 2010** (the "Sale Objection Deadline").

31.     All Sale Objections must (i) be in writing, (ii) specify the specific grounds for objection, and (iii) be filed with the Bankruptcy Court and served on counsel for the Oversight Parties no later than the Sale Objection Deadline; and that any Sale Objection failing to comply with such requirements be deemed waived and subject to denial by the Bankruptcy Court on such basis..

32.     If a Sale Objection is timely filed, the Debtors and the party who filed the Sale Objection will work in good faith to resolve their dispute prior to the Sale Hearing.

33.     If any Sale Objection is not timely filed with the Bankruptcy Court, then, subject

to the approval of the Bankruptcy Court at the Sale Hearing, the Debtors may close on the Successful Bid by and between the Debtors and the Successful Bidder. The Debtors' submission of the Successful Bid to the Bankruptcy Court shall not constitute the Debtors' acceptance of the Bid. The Debtors shall be deemed to have accepted a Qualified Bid only when such Qualified Bid has been approved by the Bankruptcy Court at the Sale Hearing.

34.     If the Successful Bidder does not close the Sale by the date agreed to by the Debtor and the Successful Bidder, then the Debtors shall be authorized, but not required, to close with Backup Bidder without further court order. If the Backup Bidder does not close the Sale by the date agreed to by the Debtor and Backup Bidder, then the Debtors shall be authorized, but not required to close with the next best Qualified Bid after the Backup bid without a further court order.

## XIII.    <u>Miscellaneous</u>

35.     While the Debtors will consult with the Oversight Parties on the matters noted above, if any disagreement or dispute arises, the Debtors in their sole discretion and in exercise of their business judgment will make the final determination on all matters related to the Bid Procedures and the Sale. Nothing herein shall prevent the Oversight Parties from challenging or objecting to any of the Debtors' decisions in the Bankruptcy Court on the matters noted above.

36.     A party's participation in the sale process outlined herein shall constitute: (a) consent by such party to be subject to the jurisdiction of the Bankruptcy Court in connection with matters relating to the sale of the Acquired Assets for all purposes; and (b) acknowledgment of the party's review, understanding and acceptance of the bid procedures outlined here.

**Exhibit 2**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| NORTH AMERICAN TECHNOLOGIES | § | |
| GROUP, INC. *et. al.,* | § | Case No. 10-20071 |
| | § | |
| Debtors. | § | Jointly Administered |

**Notice of (A) Bid Procedures; and (B) Auction for Sale of the Leasehold
Interests Free and Clear of Liens, Claims, and Encumbrances**

**PLEASE TAKE NOTICE** that, on July 21, 2010, the United States Bankruptcy Court for the Eastern District of Texas, Marshall Division, entered an order (the "Sale Procedures Order") approving the *Motion For An Order: (I) Approving Bid Procedures For Sale Of Substantially All Of The Debtors' Assets; (II) Scheduling A Hearing To Consider The Sale; (III) Establishing A Sale Objection Deadline; (IV) Establishing Procedures Relating To Assumption/Assignment Of Certain Unexpired Leases Or And/Or Executory Contracts; (V) Approving Form Of Notices And Notice Procedures; And (VI) For Other Relief* (the "Bid Procedures Motion") filed North American Technologies Group, Inc. ("NATK"), a Delaware corporation, TieTek Technologies, Inc. ("TTT"), a Texas corporation, and TieTek LLC ("TieTek"), a Delaware limited liability company (collectively, the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that the Bid Procedures attached to the Sale Procedures Order as Exhibit "1" shall govern the bid process for the Acquired Assets and the Auction.

**PLEASE TAKE FURTHER NOTICE** that all interested bidders should carefully read the Bid Procedures. If there are any inconsistencies between the Bid Procedures and the summary description of its terms and conditions contained in this Notice, the terms of the Bid Procedures shall control.

**PLEASE TAKE FURTHER NOTICE** that the deadline to submit a bid is August 6, 2010, at 12:00 noon, prevailing Central Daylight Time (the "Bid Deadline").

**PLEASE TAKE FURTHER NOTICE** that on August 11, 2010 at 10:00 a.m., the Debtors shall conduct an auction at the offices of the Debtors' counsel, Rochelle McCullough, LLP, 4500 Republic Center, 325 North St. Paul St., Dallas, Texas 75201 (the "Auction").

**PLEASE TAKE FURTHER NOTICE** that the hearing (the "Sale Hearing") to approve the motion for the sale of the Acquired Assets will be held on August 16, 2010, at 10:00 a..m., (CDT), at the United States Bankruptcy Court for the Eastern District of Texas, Marshall Division, Marshall, Texas 75242.

**PLEASE TAKE FURTHER NOTICE** that the Debtors, in consultation with the Official Committee of Unsecured Creditors (the "Committee"), and Opus 5949, LLC ("Opus")

(collectively, the "Oversight Parties"), reserve their rights in their discretion and reasonable business judgment to (a) determine which Qualified Bid, if any, is the best offer received; and (b) reject at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid, any bid that the Debtors, in consultation with the Oversight Parties, has determined is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of Sale, or (iii) contrary to the best interests of the Estates, their creditors, and other stakeholders.

**PLEASE TAKE FURTHER NOTICE** that parties may obtain copies of the Bid Procedures Motion, the Order approving the Bid Procedures Motion, the Bid Procedures, and other related pleadings from the Debtors by requesting such documents from the Debtors' counsel at the following address and telephone number: Rochelle McCullough, LLP, 4500 Republic Center, 325 North St. Paul St., Dallas, Texas 75201, Attn: Eric Van Horn, Esq., Phone (214) 953-0182.

**PLEASE TAKE FURTHER NOTICE** that any person or entity that is interested in becoming a Qualified Bidder and potentially submitting a Qualified Bid should contact the Debtors counsel at the above address.

**EXHIBIT 3**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| NORTH AMERICAN TECHNOLOGIES | § | |
| GROUP, INC. *et. al.,* | § | Case No. 10-20071 |
| | § | |
| Debtors. | § | Jointly Administered |

**ASSUMPTION AND CURE NOTICE**

**PLEASE READ THIS NOTICE CAREFULLY AS YOUR RIGHTS WILL BE AFFECTED AS SET FORTH BELOW.**

**PLEASE TAKE NOTICE** that, on July 21, 2010, the United States Bankruptcy Court for the Eastern District of Texas, Marshall Division, entered an order (the "Bid Procedures Order") approving the *Motion For An Order: (I) Approving Bid Procedures For Sale Of Substantially All Of The Debtors' Assets; (II) Scheduling A Hearing To Consider The Sale; (III) Establishing A Sale Objection Deadline; (IV) Establishing Procedures Relating To Assumption/Assignment Of Certain Unexpired Leases Or And/Or Executory Contracts; (V) Approving Form Of Notices And Notice Procedures; And (VI) For Other Relief* (the "Bid Procedures Motion") filed North American Technologies Group, Inc. ("NATK"), a Delaware corporation, TieTek Technologies, Inc. ("TTT"), a Texas corporation, and TieTek LLC ("TieTek"), a Delaware limited liability company (collectively, the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that, as set forth in detail in the Bid Procedures Motion and Order approving the Bid Procedures Motion, the Acquired Assets (as defined in the Bid Procedures) will be sold free and clear of all liens, claims, interests, and encumbrances under the Bid Procedures and at the Auction scheduled for August 11, 2010, at 10:00 a.m. (CDT).

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will hold a hearing on August 16, 2010 at 10:00 a.m. (CDT) (the "Sale Hearing").

**PLEASE TAKE FURTHER NOTICE** that, as a part of that sale, the Debtors may seek to assume and assign or transfer by agreement some portion or all of the Acquired Assets and/or Assigned Agreements (defined in the Bid Procedures Motion) to the Successful Bidder(s) at Closing. A list (the "Cure List") of the Acquired Assets and/or Assigned Agreements that the Debtors may assume and assign is attached hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that any and all cure, compensation, and reinstatement costs or expenses of or related to the assumption and assignment or transfer by agreement of the Acquired Assets and/or Assigned Agreements relating to the Acquired Assets (the "Cure Costs") under sections 105 and 365 of the Bankruptcy Code are listed on the Cure List.

**PLEASE TAKE FURTHER NOTICE** that any objection to the assumption and assignment of an Assigned Agreement, or to the Cure Amount set forth on the Cure List attached to the Cure Amount Notice in relation to such Assigned Agreement, must

> (i)      Be filed with the Bankruptcy Court and served on counsel for the Debtors, Rochelle McCullough, LLP, Attn: Michael R. Rochelle, Esq. or Eric M. Van Horn, Esq., 325 N. Saint Paul, Suite 4500, Dallas, Texas 75201 **on or before 5:00 p.m. (CDT) on August 9, 2010** (the "Assumption/Assignment Objection Deadline");

> (ii)     Set for the basis for the objection;

> (iv)    In the case of an objection to any Cure Amount, the objection must (a) specify the amount that the Agreement Counterparty asserts is the correct Cure Amount; and (b) provide supporting documentation and other evidence substantiating the asserted Cure Amount.

> (vi)    Any basis for the objecting party's belief that the Debtors may assert a right of set off or other netting against the Cure Cost against the objecting party.

**PLEASE TAKE FURTHER NOTICE** that if no Assumption/Assignment Objection is timely received with the proper information contained therein, then the Cure Costs set forth on the Cure List shall be controlling notwithstanding anything to the contrary in any of the Acquired Assets or Assigned Agreements and any counterparty to the Acquired Assets or Assigned Agreements will be forever barred from asserting any Assumption/Assignment Objection in the future.

**PLEASE TAKE FURTHER NOTICE** that if an Assumption/Assignment Objection is properly and timely filed and served, then the Debtors and his professionals will have until the Sale Hearing to reconcile any difference between the Cure Cost as listed on the Cure List and as asserted in the Cure Objection. If any dispute over the Cure Cost cannot be resolved between the Debtors and the party that filed an Assumption/Assignment Objection prior to the Sale Hearing, their dispute will be resolved before the Bankruptcy Court at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that parties may obtain copies of the Bid Procedures Motion, the Order approving the Bid Procedures Motion, and other related pleadings by requesting such documents from the Debtors' counsel at the following address and telephone number: Rochelle McCullough, LLP, 4500 Republic Center, 325 North St. Paul St., Dallas, Texas 75201.

**PLEASE TAKE FURTHER NOTICE** that after the Auction, the Debtors will identify the Acquired Assets and/or Assigned Agreements that it will assume and assign or transfer by agreement to the Successful Bidder(s) and will also identify the assignee/transferee Successful Bidder(s). Thereafter, the Debtors will promptly after closing with the Successful Bidder(s) notify the affected counterparties to the Assigned Agreements by first class U.S. mail, postage prepaid.

**PLEASE TAKE FURTHER NOTICE** that after the assumption and assignment or transfer by agreement of the Acquired Assets and/or Assigned Agreements, the Debtors and its Estates will

be relieved of any liability for any applicable Cure Cost, as set forth on the Cure List. However, the Estates will be responsible for resolving any dispute over the Cure Cost with any party filing a properly and timely served and filed Cure Objection.

**PLEASE TAKE FURTHER NOTICE** that after the assumption and assignment or transfer by agreement of the Acquired Assets and/or Assigned Agreements, such Acquired Assets and/or Assigned Agreements will be transferred to, and remain in full force and effect for the benefit of, the Successful Bidder(s) in accordance with its terms, notwithstanding any provision in any such Acquired Assets and/or Assigned Agreements that prohibits, restricts, or conditions such assignment or transfer.